UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TD HOLDINGS, INC.,

    Plaintiff,

v.                                          Case No. 8:21-cv-159-VMC-AEP

IFG OPPORTUNITY FUND, LLC,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff TD Holdings, Inc.'s Motion to Strike Affirmative Defenses (Doc. # 26), filed on June 10, 2021. Defendant IFG Opportunity Fund, LLC responded on June 21, 2021. (Doc. # 27). For the reasons that follow, the Motion is denied.

**I.**    **Background**

This case involves an arbitration before the American Arbitration Association initiated by Guotao Deng, who is not a party to this action, against IFG. In the arbitration, Deng maintains that IFG improperly retained 135,000 shares of Deng's TD Holdings common stock, which Deng had transferred to IFG as collateral for a structured lending transaction that was never finalized. (Doc. # 4 at 2-4). During that arbitration, IFG attempted to bring TD Holdings into the

1

arbitration as a third-party respondent, arguing that TD Holdings was responsible for Deng's alleged termination of the agreement underpinning the structured lending transaction. (Id. at 4-5). TD Holdings maintains that it cannot be compelled to arbitrate because it was not a party to the agreement between Deng and IFG related to the structured lending transaction. (Id. at 6-7).

TD Holdings initiated this declaratory judgment action against IFG on January 21, 2021. (Doc. # 1). It filed an amended complaint on January 29, 2021, seeking a declaration that "TD Holdings has no obligation to arbitrate [IFG's] claims." (Doc. # 4 at 9).

IFG filed its answer and affirmative defenses on March 30, 2021. (Doc. # 11). Subsequently, IFG filed amended affirmative defenses on May 17, 2021. (Doc. # 23). Now, TD Holdings seeks to strike these affirmative defenses (Doc. # 26), and IFG has responded. (Doc. # 27). The Motion is ripe for review.

## II. Legal Standard

"Affirmative defenses are subject to the general pleading requirements of Federal Rule of Civil Procedure 8." Carrero v. Citimortgage, Inc., No. 8:15-cv-2915-VMC-AAS, 2016 WL 1464108, at *2 (M.D. Fla. Apr. 14, 2016). Rule 8(b)(1)(A)

requires that a party "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). "[T]his Court finds persuasive the logic of those district courts in the Eleventh Circuit that have found that affirmative defenses should not be held to the Twombly pleading standard." Nobles v. Convergent Healthcare Recoveries, Inc., No. 8:15-cv-1745-JSM-MAP, 2015 WL 5098877, at *2 (M.D. Fla. Aug. 31, 2015).

Affirmative defenses challenged by a motion to strike are also evaluated under Rule 12(f), which provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Although the Court has broad discretion in ruling on a motion to strike, such motions are disfavored due to their "drastic nature" and are often considered "time wasters." Royal Ins. Co. of Am. v. M/Y Anastasia, No. 95-cv-30498, 1997 WL 608722, at *3 (N.D. Fla. Jan. 30, 1997); Molina v. SMI Sec. Mgmt., Inc., No. 11-24245-CIV, 2013 WL 12092070, at *4 (S.D. Fla. Mar. 22, 2013)("Motions to strike . . . are disfavored by courts.").

Thus, "[a]n affirmative defense will only be stricken . . . if the defense is 'insufficient as a matter of law.'" Microsoft Corp. v. Jesse's Computs. & Repair, Inc., 211 F.R.D.

3

681, 683 (M.D. Fla. 2002)(citation omitted). An affirmative "defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." Id. "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995)(citation omitted).

### III. Analysis

TD Holdings seeks to strike all four of IFG's amended affirmative defenses. (Doc. # 26).

#### A. Affirmative Defenses 1 and 4

In the first affirmative defense, IFG asserts the defense of "agency," arguing that Deng signed the agreements at issue in the arbitration while serving as agent for TD Holdings. (Doc. # 23 at 7-8). In the fourth affirmative defense, IFG alleges in relevant part: "TD Holdings fraudulently misrepresented to IFG that [] Deng, rather than TD Holdings, was the real signatory to the Transaction Agreement." (Id. at 10).

"There is nothing in the language of [Federal Rule of Civil Procedure] 9(b) which would exempt affirmative defenses from the particularity requirement." Chetu, Inc. v. Salihu, No. 09-60588-CIV, 2009 WL 3448205, at *4 (S.D. Fla. Oct. 26, 2009). "Rule 9(b) provides that '[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.'" Id. (quoting Fed. R. Civ. P. 9(b)). "Rule 9(b) requires the Defendant to include the who, what, when, where and how: the first paragraph of any newspaper story." Walker v. Credit Control Servs., Inc., No. 8:15-cv-1114-EAK-TGW, 2015 WL 4571158, at *2 (M.D. Fla. July 28, 2015)(citation and internal quotation marks omitted). Here, the parties agree that Rule 9(b) applies to affirmative defenses that sound in fraud. TD Holdings argues that both the first and fourth affirmative defenses fail to satisfy Rule 9(b). (Doc. # 26 at 5-9).

Regarding the first affirmative defense, the Court agrees with TD Holdings that this defense does not appear to sound in fraud. (Doc. # 27 at 5-6). Thus, Rule 9(b) does not apply. And this affirmative defense easily satisfies the basic pleading standard under Rule 8 and is not insufficient as a matter of law. See Bridas S.A.P.I.C. v. Gov't of Turkmenistan, 345 F.3d 347, 356 (5th Cir. 2003)(recognizing

5

agency as a viable theory "for binding a nonsignatory to an arbitration agreement").

Even if the first affirmative defense sounds in fraud, the first affirmative defense is pled with particularity. That is, the first affirmative defense sufficiently pleads the circumstances of Deng allegedly serving as an agent of TD Holdings during the negotiation and execution of the arbitration agreement. (Doc. # 23 at 7-8). The Court will not strike the first affirmative defense.

The fourth affirmative defense does sound in fraud and, thus, Rule 9(b) applies. But this affirmative defense satisfies Rule 9(b) as the circumstances of the fraud are alleged with particularity. (Id. at 10-12). The time involved is the period during the signing and execution of the transaction agreement. Regarding the manner and substance of the fraudulent misrepresentation, the fourth affirmative defense states: "Although the contract bears a signature 'Guotao Deng,' Mr. Deng never duly owned the shares that supposedly 'he' pledged as collateral, and no evidence exists that he actually sought any loan or sent any signed contract through to IFG." (Id. at 11). In support of this allegation, IFG alleges that emails supposedly sent by Deng were actually authored by a TD Holdings employee from a TD Holdings email

6

address and that Deng "was otherwise entirely absent from the transaction." (Id.). Given these detailed allegations, the Court declines to strike the fourth affirmative defense.

**B.   Affirmative Defenses 2 and 3**

In the second affirmative defense for "direct benefits estoppel," IFG asserts in relevant part: "TD Holdings is estopped from denying the arbitration agreement because it was the real beneficiary under the Transaction Agreement; not only of the loan proceeds but also of the arbitration clause to bring a claim against IFG." (Id. at 8). The third affirmative defense for "assumption" states in part that "TD Holdings is bound to the Transaction Documents and the duty to arbitrate as its conduct indicates that it assumed the obligation to arbitrate." (Id. at 9).

TD Holdings argues these affirmative defenses are insufficiently pled under Rule 8. (Doc. # 26 at 3, 9-15). Regarding the second affirmative defense, TD Holdings argues that IFG has "fail[ed] to allege the elements of the defense" of direct benefits estoppel because there are no allegations that TD Holdings "actually benefitted from the contract." (Id. at 10-11).

"Ordinary principles of contract and agency law may be called upon to bind a nonsignatory to an agreement whose terms

7

have not clearly done so." Bridas S.A.P.I.C., 345 F.3d at 356. "Direct benefits estoppel applies when a nonsignatory 'knowingly exploits the agreement containing the arbitration clause.'" Id. at 361–62 (citation omitted). "Direct-benefit estoppel 'involve[s] non-signatories who, during the life of the contract, have embraced the contract despite their non-signatory status but then, during litigation, attempt to repudiate the arbitration clause in the contract.'" Hellenic Inv. Fund, Inc. v. Det Norske Veritas, 464 F.3d 514, 517–18 (5th Cir. 2006)(citation omitted).

Here, the second affirmative defense alleges that the "[l]oan proceeds were for the benefit of TD Holdings" and that TD Holdings "took the benefits of [] said contract." (Doc. # 23 at 8-9). While TD Holdings argues that IFG will not factually be able to establish this defense, the Court finds that IFG has sufficiently pled its estoppel defense. TD Holdings has been properly put on notice of the defense and a motion to strike is not the proper vehicle to litigate the merits of this defense. Thus, this affirmative defense is not insufficient as a matter of law. The Motion is denied as to the second affirmative defense.

Regarding the third affirmative defense, TD Holdings argues that IFG fails to plead the elements of the assumption

8

defense because IFG "has not alleged any facts showing that TD Holdings waived its objections to jurisdiction [in the arbitral forum] by participating until the eleventh hour." (Doc. # 26 at 13).

The Court disagrees. The third affirmative defense puts TD Holdings on notice that assumption is an issue IFG will likely raise and the factual basis IFG will rely on in doing so. IFG has alleged the acts by which TD Holdings has supposedly assumed the duty to arbitrate, including providing Deng counsel, "instructing" that counsel in how to proceed, and otherwise controlling the arbitration. (Doc. # 23 at 10). That is enough to satisfy the basic pleading standards of Rule 8. And, again, the stricter Twombly pleading standard does not apply. Nobles, 2015 WL 5098877, at *2.

Nor has TD Holdings established that an assumption defense is insufficient as a matter of law. See Reyher, 881 F. Supp. at 576 ("To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." (citation omitted)). Indeed, courts have recognized assumption as a viable theory "for binding a nonsignatory to

9

an arbitrary agreement." Bridas S.A.P.I.C., 345 F.3d at 356.

Thus, the Court will not strike either the second or third affirmative defenses.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff TD Holdings, Inc.'s Motion to Strike Affirmative Defenses (Doc. # 26) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 12th day of July, 2021.

_____<br>
VIRGINIA M. HERNANDEZ COVINGTON<br>
UNITED STATES DISTRICT JUDGE